UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| APPROXIMATELY $591,993.25 U.S. CURRENCY; | ) ) ) | |
| $65,915.93 U.S. CURRENCY IN LIEU OF 23.918357 ETHEREUM; | ) ) ) | |
| APPROXIMATELY $572,010.00 U.S. CURRENCY; | ) ) ) | |
| APPROXIMATELY $249,980.00 U.S. CURRENCY; | ) ) ) | |
| $555,000.00 FROM JPMORGAN CHASE BANK ACCT…8723; | ) ) ) | |
| $4,389,279.46 U.S. CURRENCY IN LIEU OF 40.133016 BITCOIN; | ) ) ) | |
| $693,404.42 U.S. CURRENCY IN LIEU OF 6.34009597 BITCOIN; | ) ) ) | |
| APPROXIMATELY $495,020.00 U.S. CURRENCY; | ) ) ) | |
| APPROXIMATELY $1,371,017.00 U.S. CURRENCY; | ) ) ) | |
| APPROXIMATELY $980,125.00 U.S. CURRENCY; | ) ) ) | |
| APPROXIMATELY $293,050.00 U.S CURRENCY; | ) ) ) | |
| $590,963.84 FROM CASHAPP ACCOUNT ENDING IN …0yzq; | ) ) ) | |

1

| | |
|---|---|
| APPROXIMATELY $358,327.00 IN U.S. CURRENCY; | ) ) ) |
| APPROXIMATELY $160,000.00 IN U.S CURRENCY; | ) ) ) |
| APPROXIMATELY $68,810.00 U.S. CURRENCY; | ) ) ) |
| APPROXIMATELY $110,000.00 U.S. CURRENCY; | ) ) ) |
| .21775 BITCOIN (BTC); | ) ) |
| $956,059.79 CHECK FROM PREFERRED BANK; and | ) ) ) |
| ASSORTED JEWELRY, | ) ) |
| Defendant. | ) |

## VERIFIED COMPLAINT OF FORFEITURE

COMES NOW, Plaintiff, the United States of America, by and through its attorneys, Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Ricardo Dixon, Assistant United States Attorney, for said district, and for its Verified Complaint for Forfeiture states as follows:

## NATURE OF THE ACTION

1.      This is a civil action in rem brought by the United States of America seeking forfeiture of all right, title, and interest in the above-captioned defendant property pursuant Title 21, United States Code, Section 881(a)(6), Title 18, United States Code, Sections 981(a)(1)(A), and(C).

2.      The following assets (the "defendant property") were seized by law enforcement between July 2024 and November 2025 and are more fully described as:

    a.   Approximately $591,993.25 U.S. Currency;

2

b.  $65,915.93 U.S. Currency in lieu of 23.918357 Ethereum;
c.  Approximately $572,010.00 U.S. Currency;
d.  Approximately $249,980.00 U.S. Currency;
e.  $555,000.00 from JPMorgan Chase Bank acct….8723;
f.  $4,389,279.46 U.S. Currency in lieu of 40.133016 Bitcoin;
g.  $693,404.42 U.S. Currency in lieu of 6.34009597 Bitcoin;
h.  Approximately $495,020.00 U.S. Currency;
i.  Approximately $1,371,017.00 U.S. Currency;
j.  Approximately $980,125.00 U.S. Currency;
k.  Approximately $293,050.00 U.S. Currency;
l.  $590,963.84 from CashApp Account ending in …0yzq;
m.  Approximately $358,327.00 U.S. Currency;
n.  Approximately $160,000.00 U.S. Currency;
o.  Approximately $68,810.00 US Currency;
p.  Approximately $110,000.00 US Currency;
q.  .21775 Bitcoin (BTC);
r.  $956,059.79 Check from Preferred Bank;
s.  Assorted Jewelry, further described as:
    i.  Diamond and 14k (tested) white gold bracelet/necklace link;
    ii.  Pair of diamond and 14k (stamped) white gold stud earrings;
    iii.  Pair of diamond and 14k (stamped) yellow gold clover motif stud earrings;
    iv.  Pair of diamond and 18k (tested) white gold stud earrings;
    v.  Diamond and 14k (tested) yellow gold ring. Center emerald cut diamond;
    vi.  Diamond ad 14k (tested) white gold eternity band ring;
    vii.  Diamond ad 14k (tested) white gold eternity band ring;
    viii.  Diamond and 14k (stamped) yellow gold Cuban link necklace;
    ix.  Cultured freshwater pearl elastic bracelet;
    x.  18k (stamped) yellow gold Van Cleef and Arpels five motif Alhambra bracelet;
    xi.  18k (stamped) yellow gold and black onyx Van Cleef and Arpels five motif Alhambra bracelet;
    xii.  Freshwater cultured pearl necklace with 14k yellow gold clasp;
    xiii.  18k (stamped) yellow gold and diamond Cartier Juste Un Clou bangle;
    xiv.  18k (stamped) white gold and diamond Cartier Juste un clou bangle;
    xv.  Platinum (stamped) and diamond engagement ring. Center 8.25 carat oval diamond;
    xvi.  Stainless steel and custom diamond Rolex DateJust watch, SN: 7123458;
    xvii.  8k Rose gold Rolex Day-Date watch, SN: 915510J1;
    xviii.  Stainless steel and 18k yellow gold Rolex DateJust watch, SN: 7180505/W469894;
    xix.  Diamond and 14k (stamped) white gold pendant and chain; and
    xx.  Richard Mille "Bubba Watson" Wristwatch, SN: RM-055 Ti/1534.

3

**JURISDICTION AND VENUE**

3.      The Court has jurisdiction over this action pursuant to Title 28, United States Code, Sections 1331, 1345, and 1355.

4.      Venue is proper pursuant to Title 28, United States Code, Section 1331 because districts courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Venue is also proper pursuant to Title 28, United States Code, Section 1355(b)(1)(A) because the acts and omissions giving rise to forfeiture took place in the Eastern District of Missouri.

**STATUTORY FRAMEWORK**

5.      Title 21, United States Code, Section 881(a)(6) authorizes the civil forfeiture of "all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

6.      Pursuant to Title 18, United States Code, Section 981(a)(1)(A) and (C), any property, real or personal, involved in a transaction or attempted transaction in violation of sections 1956 or 1957 of Title 18, or any property traceable to such property, and any property, real or personal, which constitutes or is derived from proceeds traceable to any offense(s) constituting "special unlawful activity," is subject to civil forfeiture.

7.      Title 18, United States Code, Section 1956(a)(1)(A)(i) criminalizes conducting a transaction, including transferring, delivering, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of

a specific unlawful activity, including violations of the Controlled Substances Act, with the intent to promote the carrying on of the specified unlawful activity.

8.      Title 18, United States Code, Section 1956(a)(1)(B) criminalizes conducting a transaction, including transfer, delivery, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specific unlawful activity, including violations of the Controlled Substances Act, knowing that the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.

9.      Title 18, United States Code, Section 1957 criminalizes knowingly conducting or attempting to conduct a monetary transaction over $10,000 using property derived from a specified unlawful activity.

## FACTS GIVING RISE TO THE FORFEITURE

10.      In September 2021, investigators discovered that multi-ton loaded shipments of marijuana products from China, combined with products from "black market" California-grown bulk marijuana, were distributed to multiple domestic cities, including the St. Louis Metropolitan area in the Eastern District of Missouri.

11.      Through their investigation and surveillance, investigators identified Calvin Hunnicutt ("Hunnicutt") as being involved in the marijuana distribution.

12.      In October 2021, investigators in St. Louis, Missouri located and seized 3,600 pounds of marijuana / marijuana products in a storage facility in Maryland Heights, Missouri, located in the Eastern District of Missouri.

13.      During interviews after the seizure, investigators learned that Hunnicutt was involved in the transfer of the marijuana and marijuana products to St. Louis, Missouri.

14.    A multi-agency investigative team also uncovered a vast and complex Money Laundering Organization (MLO) consisting of numerous shell companies and financial accounts, established to conceal United States currency (USC) derived from the illegal sale of marijuana and marijuana products for Hunnicutt and his co-conspirators.

15.    As part of the money laundering operation, drug trafficking proceeds would move into bank accounts from Cash-App and Zelle. The funds would then go through pass-through accounts to members of the drug trafficking organization and back to Hunnicutt. Hunnicutt would then transfer those funds out to other bank accounts and move funds through his marijuana grow and dispensary businesses.

16.    On, or about, July 29, 2024, a federal seizure warrant was issued in the Eastern District of Missouri, and the following assets (part of the defendant property) were seized from Hunnicutt's Cash-App account:

  a.    $693,404.42 U.S. Currency in lieu of 6.34009597 Bitcoin; and
  b.    $590,963.84 from CashApp Account # ending in ...0yzq.

17.    On, or about, July 31, 2024, during a federal search warrant at Hunnicutt's residence in the State of California, the following assets were seized (part of the defendant property):

  a.    Approximately $591,993.25 U.S. Currency;
  b.    $65,915.93 U.S. Currency in lieu of 23.918357 Ethereum;
  c.    $4,389,279.46 U.S. Currency in lieu of 40.133016 Bitcoin;
  d.    Assorted Jewelry, further described as:
    i.    Diamond and 14k (tested) white gold bracelet/necklace link;
    ii.    Pair of diamond and 14k (stamped) white gold stud earrings;
    iii.    Pair of diamond and 14k (stamped) yellow gold clover motif stud earrings;
    iv.    Pair of diamond and 18k (tested) white gold stud earrings;
    v.    Diamond and 14k (tested) yellow gold ring. Center emerald cut diamond;
    vi.    Diamond ad 14k (tested) white gold eternity band ring;
    vii.    Diamond ad 14k (tested) white gold eternity band ring;

    viii. Diamond and 14k (stamped) yellow gold Cuban link necklace;
     ix. Cultured freshwater pearl elastic bracelet;
      x. 18k (stamped) yellow gold Van Cleef and Arpels five motif Alhambra bracelet;
     xi. 18k (stamped) yellow gold and black onyx Van Cleef and Arpels five motif Alhambra bracelet;
    xii. Freshwater cultured pearl necklace with 14k yellow gold clasp;
   xiii. 18k (stamped) yellow gold and diamond Cartier Juste Un Clou bangle;
   xiv. 18k (stamped) white gold and diamond Cartier Juste un clou bangle;
    xv. Platinum (stamped) and diamond engagement ring. Center 8.25 carat oval diamond;
   xvi. Stainless steel and custom diamond Rolex DateJust watch, SN: 7123458;
  xvii. 8k Rose gold Rolex Day-Date watch, SN: 915510J1;
 xviii. Stainless steel and 18k yellow gold Rolex DateJust watch, SN: 7180505/W469894; and
   xix. Diamond and 14k (stamped) white gold pendant and chain.

18. On, or about, July 29, 2024, a federal seizure warrant was issued in the Eastern District of Missouri and the following asset (part of the defendant property) was seized from Hunnicutt's JPMorgan account:

    a. $555,000.00 from JPMorgan Chase Bank acct….8723.

19. Between August 2024 and July 2025, the following assets were seized through the consent of Hunnicutt (part of the defendant property):

    a. Approximately $572,010.00 U.S. Currency;
    b. Approximately $249,980.00 U.S. Currency;
    c. Approximately $495,020.00 U.S. Currency;
    d. Approximately $1,371,017.00 U.S. Currency;
    e. Approximately $980,125.00 U.S. Currency;
    f. Approximately $293,050.00 U.S. Currency;
    g. Approximately $358,327.00 U.S. Currency;
    h. Approximately $160,000.00 U.S. Currency;
    i. Approximately $68,810.00 US Currency;
    j. Approximately $110,000.00 US Currency;
    k. .21775 Bitcoin (BTC);
    l. $956,059.79 Cashier's Check from Preferred Bank; and
    m. Richard Mille "Bubba Watson" Wristwatch, SN: RM-055 Ti/1534.

7

## *COUNT ONE – FORFEITURE*
**21 U.S.C. § 881(a)(6)**

20.     The United States incorporates by reference the allegations set forth in Paragraphs 1 to 19 above as if fully set forth herein.

21.     The defendant property consists of bulk U.S. currency, financial instruments and jewelry that was discovered by law enforcement officers and seized through the consent of Hunnicutt, who was involved in drug trafficking.

22.     Based on the foregoing, the defendant property is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6) as money, securities or other things of value furnished or intended to be furnished in exchange for a controlled substance, as proceeds traceable to such an exchange, and as money to be used to facilitate a violation of the Controlled Substances Act.

## *COUNT TWO – FORFEITURE*
**18 U.S.C. § 981(a)(1)(A) and (C)**

23.     The United States incorporates by reference the allegations set forth in Paragraphs 1 to 19 above as if fully set forth herein.

24.     The defendant property is proceeds of an unlawful activity involving controlled substances that were transported through the Eastern District of Missouri, with the intent to promote the carrying on of, and to conceal or disguise the nature, location, source, ownership or control of, a specified unlawful activity.

25.     Based on the foregoing, the defendant property is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(A) and (C) as any property, real or personal, involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1956, or is property traceable to such property.

## *COUNT THREE – FORFEITURE*
**18 U.S.C. § 981(a)(1)(A) and (C)**

26.    The United States incorporates by reference the allegations set forth in Paragraphs 1 to 19 above as if fully set forth herein.

27.    The defendant property is criminally derived property of an unlawful activity involving controlled substances that were transported through the Eastern District of Missouri, and were used or were attempted to be used in monetary transactions in amounts greater than $10,000.00.

28.    Based on the foregoing, the defendant property is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(A) and (C) as any property, real or personal, involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1957, or is property traceable to such property.

### PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that a Warrant for Arrest be issued in rem for the defendant property and the defendant property be condemned and forfeited to the United States of America, in accordance with the provisions of law; and that the United States of America be awarded its costs in this action, and have such other relief as provided by law and the nature of the case may require.

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney


*/s/ Ricardo Dixon*
RICARDO DIXON, #70026(MO)
Assistant United States Attorney
111 South 10th Street, Suite 20.333
Saint Louis, Missouri 63102

9

Telephone: (314) 539-2200
Ricardo.Dixon@usdoj.gov

**<u>VERIFICATION</u>**

I, James D. Gaddy, hereby verify and declare under penalty of perjury that I am a Task Force Officer with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Task Force Officer with the Drug Enforcement Administration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 05/11/2026

   (date)

_James Gaddy_

JAMES D. GADDY
Task Force Officer
Drug Enforcement Administration